UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR D. WHEELER, | ) |
| Plaintiff, | ) |
| vs. | ) 16-CV-1368 |
| TONY CHILDRESS, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court set a merit hearing in this matter; however, plaintiff was in transit and the court was unable to hold the hearing.

Plaintiff alleges that he arrived at Livingston County Jail with a knot and bruise on his head. Plaintiff alleges that the bruise healed, but the knot remained, along with pain in his neck, shoulders, and head. Plaintiff also alleges that he passed out because of dizziness on two occasions. Upon reporting this to medical staff, plaintiff alleges he was only given ibuprofen and Tylenol. Plaintiff also alleges that unspecified individuals scald him for sitting in a slouched position to relief back pain.

Plaintiff is entitled to adequate health care. To state a claim, he must allege that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Negligence is not enough to impose constitutional liability. *See McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) ("Even gross negligence is insufficient to impose constitutional liability.").

If jail officials ignored Plaintiff's complaints of constant pain, or otherwise persisted in treatment known to be ineffective, then Plaintiff could plausibly show that jail officials acted with deliberate indifference to a serious medical need. *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). Plaintiff, however, does not state a claim for medical malpractice under Illinois law as he has failed to provide the affidavit required by 735 ILCS 5/2-622.

The Livingston County Jail will be dismissed as a defendant because it is not a "person" that may be sued under § 1983. *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Inc. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a "person" or even a policy-making body that can be sued for constitutional violations.")

IT IS THEREFORE ORDERED that:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Childress, Cox, Inman, Rakestraw, and Pulliam. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.  Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8.  If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9.  The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

10.  The clerk is directed to terminate the Livingston County Jail as a defendant.

11.  The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

12.  According to the Bureau of Prisons' website, plaintiff is now located at the Petersburg Medium FCI.  As a courtesy, the clerk is directed to send a copy of this order to plaintiff at that facility.  Plaintiff is reminded that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his location.

Pursuant to Central District of Illinois Local Rule 16.3(K), every pro se plaintiff must notify the Clerk of this court in writing of any change of address during the entire pendency of his case. It is not the Court's responsibility to independently maintain current addresses on all parties to pending actions. Plaintiff shall, no later than fourteen (14) days from the date of this Notice, file a notice of change of address with the Clerk. Failure to do so will result in dismissal of this action.

Entered this 13th day of January, 2017

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE